G. J. HOWARD CO. (George J. Howard, doing business as G. J. Howard Co.), Plaintiff,

v.

Francis J. CASSIDY, Postmaster, Flushing, New York, Defendant.

Civ. A. No. 18235.

United States District Court
E. D. New York.

Dec. 23, 1957.

an amazing device that will help you achieve sensational figure beauty—just as it has helped many stars and starlets. 'Zoom' may be worn over or under clothing. While you walk or sit, while you go about your daily tasks, 'Zoom' can be improving your contour, raising your chestline up and out, enlarging the muscles that determine your bust measurement, improving your posture and the rest of your figure. $3.98 ppd.

Try 'Zoom' for 10 Days

Comes complete with Franziska's bust beauty manual 'Your Bosom Friend'† * * * shows you the pleasant, almost incredibly simple exercises you can do with this remarkable device. If you do not see definite results, Your Money Back Without Question.

† Trademark C 1956

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

G. J. Howard Co., Dept. K-116, Flushing 52, N. Y.

Free 10-Day Trial   Enclosed is $3.98 (check or m. o.). Please rush in plain wrapper 'Zoom' and Franziska of Hollywood's 'Your Bosom Friend.' If not pleased, I will return 'Zoom' within 10 days for full refund.

Miss
Mrs. ——————————————————
Street ——————————————————
City ——————— State ——————

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Dammann, Roche & Goldberg, New York City, for plaintiff, Allen Blank, New York City, of counsel.

Cornelius W. Wickersham, Jr., U. S. Atty. for the Eastern Dist. of New York, Brookyln, N. Y., Myron Friedman, Asst. U. S. Atty., Long Beach, N. Y., for defendant.

BYERS, District Judge.

This is a plaintiff's motion for a temporary injunction to restrain the defendant from executing a fraud order issued by the Postmaster General, dated November 22, 1957.

The order forbids the payment to the plaintiff of postal money orders, and the return to the sender of mail matter stamped "Fraudulent" involving the subject matter of the proceeding which resulted in the said order.

That subject matter is a newspaper or magazine advertisement which is as follows:

"Now you too may Add Inches To Your Bustline with 'Zoom'† while you
    Do Housework
    Sit At A Desk
    Ride In A Car
    Watch TV
Invented by Franziska of Hollywood, famous movieland beauty expert, 'Zoom' is

The foregoing does not correctly portray the visual impression which the advertisement was intended to create; the opening statement "Now you too may Add Inches To Your Bustline with 'Zoom' " is accompanied by a portrait of a buxom and comely female, in a pose that clearly is intended to illustrate the success that can be expected to attend the use of the device which it is the object of the advertisement to sell to non-discriminating female purchasers.

The statement is that a mail remittance will not only bring the device called "Zoom" but the manual "Your Bosom Friend," which illustrates simple exercises that can be performed in connection with its use.

The manual is in evidence, and is relied on by the plaintiff to sustain the argument that he is really seeking to

promote physical exercise as the means whereby the addition of inches to the bustline can be accomplished, rather than to represent that Zoom is the effective agency of accomplishment.

The word "bustline" used in the advertisement is not defined in the testimony so as to indicate whether it is intended to be observable on the erect female figure in profile, or to suggest a circumferential dimension measured as indicated in the testimony of the Department's medical witness, Dr. Campbell. The testimony at the hearing as a whole, however, leaves no doubt that the latter meaning was the one indicated in this advertisement.

It was conceded that Zoom in itself cannot increase the size of human breasts; also that proper exercise can strengthen the pectoral muscles that constitute their support, with the result that they seem to be pushed forward and thus to become more prominent than if the muscular development had not occurred.

Thus the gist of the controversy is whether the advertisement is addressed to the cause, or to the effect.

Since the exercises can be conducted without wearing Zoom (p. 52), it follows that there would be no purpose on the part of the seller merely to advertise the beneficial effects of such muscle strengthening; he had to urge that indulgence in the exercises would be promoted by using the device that he had for sale.

The designer of Zoom testified in substance that its use promoted proper posture whereby the bust would assume a symmetrical part of the female figure. That is all.

Thus:

"Q. Let us assume that a person does walk properly? A. She wouldn't buy the device."

The Examiner has found that the advertisement "promises the addition of 'inches to your Bustline by the use of "Zoom,"' and improvement of bust 'contour' and thus the achievement by the woman purchaser of 'sensational figure beauty,' insofar, it is clear, as an undeveloped, unattractive bust has detracted from her attractiveness."

In that finding this Court agrees. Nothing in the argument made for plaintiff, or in the cases cited, can change the manifest purpose or representation implicit in this advertisement. While it is true that slight reference is made therein to the manual, the solicitation is plainly to buy Zoom in order to increase the bustline, of which the essential elements are the breasts.

The testimony is clearly to the effect that the size of the bust is in no wise enhanced by using Zoom, nor indeed by taking the exercises described in the manual.

It is clear that this misrepresentation could not have been inadvertent or casual. It is so patent as to speak for itself as an intent to deceive, within the requirements stated in Reilly v. Pinkus, 338 U.S. 269, 70 S.Ct. 110, 94 L.Ed. 63, as that decision is understood by this court.

Since the applicable test is the effect that the advertisement would be expected to produce on ordinary minds, meaning those of the majority of the community to whom it is addressed, it is not necessary to indulge in an acute analysis of possible meanings that might be attributed to certain somewhat obscure allusions discoverable by critical study of the plaintiff's printed solicitation.

See Cates v. Haderlein, 7 Cir., 189 F. 2d 369, at pages 370, 371.

The reliance of plaintiff upon United States Nature Products Corp. v. Schaffer, D.C., 125 F.Supp. 374, is infirm, since the distinction is clear between the assertion of flesh building qualities said to be possessed by that plaintiff's product, and *not* controverted, and the effect of increased avoirdupois upon observers of that change, and a false assertion of the office of a strap construction such as this advertisement clearly holds out.

Unless other and convincing evidence is offered at the trial, going far beyond

what was presented to the hearing officer, it is not perceived how the plaintiff can succeed in his prayer for a permanent injunction. Manifestly such relief pendente lite cannot be sanctioned.

Motion denied. Settle order.